# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

Case No. 3:18-cr-32
Judge Thomas M. Rose

TAWNEY M. CALDWELL,

Defendant.

---

### ENTRY AND ORDER DENYING MOTION FOR BOND

---

This matter comes before the Court on Defendant Tawnney M. Caldwell's Motion for Bond (doc. 240) and the Government's Opposition (doc. 260). Upon agreement of Counsel the Court considers this motion at issue on the pleadings submitted.

Defendant Caldwell, as a basis for her request, indicates that a close personal and family friend has agreed to use property valued at approximately $154,000 as collateral for her release and assurance of her appearance. Additionally, Defendant argues that she is no longer charged with Count 4 of the original Indictment, a violation of 18 U.S.C. 924 (c)(1)(A)(iii) and (j) and 2, alleging that she aided and abetted her co-defendant, Sterling Roberts, by having knowingly used, carried and discharged a firearm during a crime of violence, specifically stalking, in violation of 18 U.S.C. 2261 A (1)(A), therefore, removing the death penalty as a potential disposition. Finally, Defendant argues that due to her strong ties to family and community, she would appear as required for all court proceedings and not attempt to flee.

In response, the Government points out that although in removing Count 4 the Defendant no longer faces the potential penalty of death, the maximum penalty is now life imprisonment. They also argue a grand jury found probable cause to believe this Defendant aided and abetted Sterling Roberts, in charged offenses, which caused the death of Robert Caldwell, to include subsequent tampering with evidence and witnesses that are possibly a part of these offenses. Finally, the Government argues that Defendant's history does not reflect an individual that has in the past followed court orders, which resulted in contempt citations and protection orders.

The Court finds the charges in this matter very serious, resulting in the death of an individual, and based upon the arguments and proffers made by Counsel, there is indeed probable cause to believe that Defendant was a participant in these offenses and even attempted to obstruct an investigation of these charges by tampering with witnesses and evidence that were possibly relevant. Further, Defendant's past history does not sufficiently assure this Court of Defendant's compliance with any rules and conditions it might impose, if released.

Therefore, the Court finds that no condition or combination of conditions, as set forth in 18 U.S.C. 3142 (a), would reasonably assure the appearance of the Defendant as required and the safety of the community. Defendant's Motion for Bond (doc. 240) is hereby **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this 20th day of March 2020.

THOMAS M. ROSE, JUDGE
UNITED STATES DISTRICT COURT